## PEARSON vs. COLE.

Under the *act concerning costs*, passed May 14, 1840, unless the plaintiff recover a sum exceeding two hundred and fifty dollars, in an action for the recovery of a debt, he is entitled to *two-thirds* only of the amount prescribed by the act.

Prospective charges for *transcripts* of the judgment, and *postage* of the same, cannot be taxed.

TAXATION of costs. In assumpsit, the plaintiff recovered a verdict for $135. The commissioner taxed the costs at the full rate allowed by the act of 1840, p. 327, § 1, refusing to deduct one third under § 11, *sub.* 2. He also taxed for prospective transcripts and postage of same, $10.

*J. Koon,* for the defendant, moved for a re-taxation.

*E. Pearson,* contra.

*By the Court,* COWEN, J. The second subdivision of §11, allows only two-thirds of the full rate of fees of attorney and counsel in cases where the plaintiff recovers a sum

which carries costs at less than the supreme court rate. The facts before me present one of those cases, and the deduction should have been made accordingly.

It does not become necessary to settle the number of transcripts and dockets to which a party is entitled of course. No charges for disbursements can be allowed prospectively ; for none are allowed by statute, without an affidavit that they have been actually incurred. 2 *R. S.* 527, § 20. The taxation for prospective transcripts and postage must accordingly be stricken out of the bill.

Motion granted.